[Civ. No. 2579. Third Appellate District.—May 31, 1923.]

# W. H. BROWN, Respondent, v. J. R. KENNEDY et al., Appellants.

[1] TRESPASS—FLOW OF WATER TO ADJOINING LANDS—DAMAGES—EVIDENCE—FINDINGS.—In this action for damages because of the destruction of plaintiff's alfalfa and of a large part of his orchard by surface water and the rise of the water-table, the evidence was amply sufficient to support the finding of the trial court that the water which did the damage came from defendant's rice-field.

APPEAL from a judgment of the Superior Court of Colusa County. Ernest Weyand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Brown & Albery for Appellants.

Millington & Millington for Respondent.

FINCH, P. J.—This appeal is from a judgment awarding the plaintiff damages found by the court to have resulted from irrigation water which defendants caused to flow from their land to and upon that of plaintiff. The only question presented by the appeal is whether the evidence supports the findings.

Plaintiff is the owner of the north half of the northeast quarter of the southeast quarter of a certain section of land. During the year 1920 the defendants raised a crop of rice on the northwest quarter of the same section. North of plaintiff's land there is a ridge extending from the northwest to the southeast through the northeast quarter of the section. Approximately parallel thereto, from about the center of the northwest quarter to the southeast corner of the section, is another ridge. There is shown on the map a third ridge, connecting with the one last described at a point near the center of the northwest quarter and extending thence northerly. Midway between the parallel ridges the land is from four to five feet lower than at opposite points on the ridges, the slope being gradual from the higher to the lower points. The elevation of plaintiff's west boundary line is some five feet lower than that of the east line of defendants' land. It thus appears that plaintiff's land and a part of defendants' rice-field are in a swale and that surface water naturally flows from the latter to and across the former.

Plaintiff had seventeen acres of alfalfa and a small orchard of bearing fruit trees on his land. The alfalfa and all but a few of the trees were destroyed by surface water and the rise of the water-table during the year 1920. [1] The only question to be determined is the source from which the water came. Between plaintiff's land and that of defendants, as will appear from the descriptions given, is a strip of land a quarter of a mile wide from east to west. Witnesses testified that water flowed out of defendants' rice-field in the upper end of the swale across the intervening land and down to and upon the west and southwest parts of plaintiff's land; that the water-table rose in other parts of his land, in some places coming to the surface, where prior and subsequent to the year 1920 it had stood eight feet below the surface. There was no rice raised in the swale above plaintiff's land other than that of defendants. The evidence stated is amply sufficient to support the finding that the water which

did the damage came from the defendants' rice-field. It is argued that the water probably came, through seepage or underground flow, from a main canal, a lateral, and other rice-fields. Such argument goes to the weight of the evidence rather than to its sufficiency. It may be stated, however, that the evidence introduced by plaintiff shows that the marked rise of the water-table occurred only in the year 1920, the one year in which defendants raised rice, while the other possible sources of the water existed prior and subsequent to that year. Since the weight of the evidence is exclusively for the determination of the trial court, there is no reason to state the evidence given in contradiction of the foregoing.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.